

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

**IN RE: POOL PRODUCTS DISTRIBUTION**
**MARKET ANTITRUST LITIGATION**                                            MDL No. 2328

### TRANSFER ORDER

      **Before the Panel:**[*] Three motions for centralization, pursuant to 28 U.S.C. § 1407, of all or some of the five actions listed on Schedule A are pending in this docket. In the first motion, the Eastern District of Louisiana *Aqua Clear* plaintiff moves to centralize its action and the Southern District of Florida *A Plus Pools* action in the Eastern District of Louisiana. In the second motion, the Central District of California *Coral* plaintiff moves to centralize four actions (all but the last-filed *Preferred Pool* action) in the Central District of California. In the third and last motion, the Southern District of Florida *A Plus Pools* plaintiff moves to centralize all five actions, which are listed on Schedule A, in the Southern District of Florida. The Panel has been notified of more than fifteen additional related actions.[1]

      Although the first two motions for centralization do not encompass all five listed actions, that appears to be because the motions were filed before one or more of the actions was commenced. The record reveals no dispute among movants or any of the responding parties that all five actions should be included in the MDL, if one is created.

      All responding parties support centralization, but there is disagreement as to an appropriate transferee district. Plaintiffs in two Central District of California potential tag-along actions support centralization in the Central District of California. Plaintiff in the Eastern District of Louisiana *Preferred Pool* constituent action supports centralization in the Eastern District of Louisiana, as do plaintiffs in five potential tag-along actions pending in that district. Plaintiff in a Southern District of Mississippi potential tag-along action supports centralization in either the Southern District of Mississippi or the Eastern District of Louisiana. Common defendants Pool Corporation, SCP Distributors LLC, and Superior Products LLC also support centralization in the Eastern District of Louisiana.

      On the basis of the papers filed and hearing session held, we find that these five actions involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Louisiana will serve the convenience of the parties and witnesses and promote the just and efficient

---

[*]    Judge John G. Heyburn II took no part in the decision of this matter.

[1]    These actions and any other related actions are potential tag-along actions. *See* Rules 1.1(h), 7.1, and 7.2.

- 2 -

conduct of the litigation. All actions share factual issues arising from allegations that defendants unlawfully monopolized the market for wholesale distribution of residential and commercial Pool Products,[2] and have engaged in unlawful exclusionary acts and uncompetitive practices including (1) intimidating manufacturers, (2) threatening to refuse to deal with any manufacturer that sells Pool Products to new distributors entering the market, and (3) acquiring competitors. Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings on class certification, discovery, and other pretrial issues, and conserve the resources of the parties, their counsel and the judiciary.

We conclude that the Eastern District of Louisiana is an appropriate transferee district for pretrial proceedings in this litigation. Two of the five constituent actions are pending there, as are a majority of the potential tag-along actions. In addition, at least two of the three defendants have their principal place of business in the district. Chief Judge Sarah S. Vance, to whom we assign this docket, has successfully overseen two previous MDLs, and we have every confidence that she will guide this litigation on a prudent course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Eastern District of Louisiana are transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Sarah S. Vance for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____
Kathryn H. Vratil
Acting Chairman

W. Royal Furgeson, Jr.         Barbara S. Jones
Paul J. Barbadoro              Marjorie O. Rendell
Charles R. Breyer

---

[2] Pool Products are the equipment, parts, and materials used for the construction, renovation, maintenance, repair, or service of residential and commercial pools (*e.g.*, pumps, filters, heaters, covers, cleaners, steps, rails, diving boards, pool liners, pool walls, and products necessary to maintain pool equipment).

IN RE: POOL PRODUCTS DISTRIBUTION
MARKET ANTITRUST LITIGATION                               MDL No. 2328

## SCHEDULE A

EDLA
SEC R/2

### Central District of California

Coral Swimming Pool Supplies Co., Inc. v. Pool Corporation, et al., C.A. No. 8:11-01866          **12-983**

### Southern District of Florida

A Plus Pools Corp. v. Pool Corporation, et al., C.A. No. 1:11-24270          **12-984**
Bayside Pool & Spa Corp. v. SCP Distributors LLC, et al., C.A. No. 1:11-24282          **12-985**

### Eastern District of Louisiana

Aqua Clear Pools & Decks v. Pool Corporation, et al., C.A. No. 2:11-02921
Preferred Pool Inc. v. Pool Corporation, et al., C.A. No. 2:11-03015