UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: POOL PRODUCTS
DISTRIBUTION MARKET ANTITRUST
LITIGATION

MDL No. 2328

SECTION: R(2)

JUDGE VANCE
MAG. JUDGE WILKINSON

**THIS DOCUMENT RELATES TO ALL CASES**

PRETRIAL ORDER NO. 4

APPOINTMENT OF PSC AND EXECUTIVE COMMITTEE

Numerous applications/nominations for Plaintiffs' Steering Committee (PSC) positions have been filed in accordance with the procedures set forth in Pretrial Order #1. The Court, after having reviewed the applications and carefully considered the matter, hereby appoints the following members to the PSC:

- Ronald J. Aranoff
- Hollis L. Salzman
- Robert N. Kaplan
- Russ M. Herman
- Linda P. Nussbaum
- Scott R. Bickford
- Arnold Levin
- Daniel W. Krasner

- Richard J. Arsenault
- Douglas G. Thompson, Jr.
- Matthew B. Moreland
- Vincent J. Esades

Additionally, the Court appoints a Plaintiffs' Executive Committee consisting of Russ M. Herman, Ronald J. Aranoff, Hollis L. Salzman, and Robert N. Kaplan.  The Executive Committee shall coordinate the responsibilities of the PSC, schedule PSC meetings, keep minutes or transcripts of these meetings, appear at periodic court noticed status conferences, perform other necessary administrative or logistical functions of the PSC, act on behalf of the PSC between PSC meetings, and carry out any other duty as the Court may order.

The appointment to the PSC and/or Executive Committee is of a personal nature.  Accordingly, the above appointees may not be substituted by other attorneys, including members of the appointee's law firm, to perform the PSC functions, such as committee meetings and court appearances, except with prior approval of the Court.  Furthermore, the appointment to the PSC and/or Executive Committee is for one year from the date of this Order.  Appointees may apply to be reappointed when their terms expire.  If or when they reapply, their applications should contain references to the nature and scope of their work on the

PSC and/or Executive Committee, including the time and resources expended during the previous term.

The PSC will have the following responsibilities:

**Discovery**

    (1) Initiate, coordinate, and conduct all pretrial discovery on behalf of plaintiffs in all actions that are consolidated with the instant multidistrict litigation.

    (2) Develop and propose to the Court schedules for the commencement, execution, and completion of all discovery on behalf of all plaintiffs.

    (3) Cause to be issued in the name of all plaintiffs the necessary discovery requests, motions, and subpoenas pertaining to any witnesses and documents needed to properly prepare for the pretrial of relevant issues found in the pleadings of this litigation. Similar requests, notices, and subpoenas may be caused to be issued by the PSC upon written request by an individual attorney in order to assist him/her in the preparation of the pretrial stages of his/her client's particular claims.

    (4) Conduct all discovery in a coordinated and consolidated manner on behalf and for the benefit of all plaintiffs.

**Hearings and Meetings**

    (1) Call all meetings of counsel for plaintiffs for any appropriate purpose, including coordinating responses to questions of other parties or of the Court. Initiate proposals, suggestions, schedules, or joint briefs, and any other appropriate matter(s) pertaining to pretrial proceedings.

    (2) Examine witnesses and introduce evidence at hearings on behalf of plaintiffs.

    (3) Act as spokesman for all of the plaintiffs at pretrial proceedings and in response to any inquiries by the Court, subject of course to the right of any plaintiff's counsel to present non-repetitive individual or different positions.

**Trial**

    (1) Coordinate trial team(s)'s selection, management and presentation of any common issue, "bellwether" and/or "test" case trial(s).

**Miscellaneous**

    (1) Submit and argue any oral or written motions presented to the Court or Magistrate on behalf of

>    the PSC as well as oppose when necessary any motions submitted by Defendants or other parties that involve matters within the sphere of the responsibilities of the PSC.
> 
> (2) Negotiate and enter into stipulations with Defendants regarding this litigation. All stipulations entered into by the PSC, except for strictly administrative details such as scheduling, must be submitted for Court approval and will not be binding until the Court has ratified the stipulation. Any attorney not in agreement with a non-administrative stipulation shall file with the Court a written objection thereto within five (5) days after he/she knows or should have reasonably become aware of the stipulation. Failure to object within the term allowed shall be deemed a waiver and the stipulation will automatically be binding on that party.
> 
> (3) Explore, develop, and pursue all settlement options pertaining to any claim or portion thereof of any case filed in this litigation.
> 
> (4) Maintain adequate files of all pretrial matters, including establishing and maintaining a document or exhibit depository, in either real or virtual

      format, and having those documents available, under reasonable terms and conditions, for examination by all MDL Plaintiffs or their attorneys.

(5) Perform any task necessary and proper for the PSC to accomplish its responsibilities as defined by the Court's orders, including organizing subcommittees or workgroups comprised of plaintiffs' attorneys not on the PSC and assigning them tasks consistent with the duties of the PSC.

(6) Perform other such functions as may be expressly authorized by further orders of this Court.

New Orleans, Louisiana, this 29th day of May, 2012.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE