UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MDL No. 2328

IN RE: POOL PRODUCTS
DISTRIBUTION MARKET ANTITRUST          SECTION: R(2)
LITIGATION

JUDGE VANCE
MAG. JUDGE
WILKINSON

**THIS DOCUMENT RELATES TO ALL CASES**

<u>**ORDER**</u>

Before the court is Indirect Purchaser Plaintiffs' motion
for leave to amend their first amended class action complaint.
For the following reasons, the Court grants the motion.

**I. Background**

Indirect Purchaser Plaintiffs filed their first amended
complaint, which did not name manufacturers as defendants, on
June 14, 2012.[1]  The scheduling order set a deadline for amended
complaints of June 29, 2012.[2]  On that date, Direct Purchaser
Plaintiffs filed their Consolidated Amended Class Action
Complaint against both Pool and Manufacturer defendants.[3]  On
August 17, 2012, well after the amendment deadline, Indirect
Purchaser Plaintiffs sought to amend their complaint again by

---

[1] R. Doc. 101.

[2] R. Doc. 93 at 3.

[3] R. Doc. 107.

adding claims against the three manufacturers which are named defendants in Direct Purchaser Plaintiffs' amended complaint and making certain other changes. All of the defendants oppose the amendment as untimely and prejudicial.

## II.  LEGAL STANDARD

The Court must first determine whether Federal Rule of Civil Procedure 15 or 16 governs Indirect Purchaser Plaintiffs' motion to amend their complaint. Before a scheduling order is in place, amendments to pleadings are governed by Rule 15, and the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has held that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Leave to amend, however, is not automatic. *Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994). Factors the Court should consider include "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004).

After a scheduling order is in place and the deadline for amendments has passed, the Court will allow amendments only for

"good cause." Fed. R. Civ. P. 16(b)(4); *S & W Enter., LLC v. SouthTrust Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003) (Only upon a demonstration of "good cause" can the more liberal standard of Rule 15(a) apply to the decision to grant or deny leave). In deciding whether to allow an amendment, the Court must consider: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *See id.* (citing *Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)).

The Court's initial scheduling conference took place on May 30, 2012, at which various discovery and other deadlines were established. In Pretrial Order No. 5, the Court ordered that any amended complaint be filed by June, 29, 2012.[4] Because this scheduling order deadline for amending complaints had passed when Indirect Purchaser Plaintiffs sought leave to amend their complaint, the motion to amend must be considered under the "good cause" standard of Rule 16.

**III. DISCUSSION**

**A. Rule 16**

The proposed amended complaint seeks to add causes of action against each of the Manufacturer Defendants so that class members

---

[4] R. Doc. 93 at 3.

3

in Arizona, California, Florida, and Missouri may seek damages for their indirect purchases from these defendants. For the following reasons, the Court finds that good cause exists for the proposed amendment under the circumstances presented here.

*(i) Explanation for Failure to Timely Move to Amend*

Indirect Purchaser Plaintiffs explain their failure to timely move for leave to amend by saying they "have just completed their due diligence." R. Doc. 144-1 at 1. (2). As defendants point out in their opposition to the motion to amend, this explanation is not persuasive. Direct Purchaser Plaintiffs were able to amend their complaint on a timely basis. Indeed, the issue of naming the manufacturers as defendants has been mentioned in this case from the very outset. Indirect Purchaser Plaintiffs have advanced no credible reason for their delay. Further, had they filed a timely amendment, defendants could have addressed issues raised by the amended complaint in their motions to dismiss. This factor weighs against permitting the amendment.

*(ii) Importance of the Amendment*

The second factor, importance of the amendment, weighs heavily in favor of Indirect Purchaser Plaintiffs. The Court has an "overreaching interest ... in efficiently bringing related matters to trial at the same time." *Murray v. Neff Rental, Inc.*, No. 08-0471, 2009 WL 3109880, at *4 (W.D. La. Sept. 28, 2009). If the Court permits the Indirect Purchaser Plaintiffs to add the

4

manufacturers as defendants, this will allow the Court to manage discovery and pretrial practice of the related claims in this case at the same time.  This permits more efficient use of the Court's and the parties' time and resources and will result in the more expeditious delivery of justice.

*(iii) Potential Prejudice*

The third factor also weighs in favor of Indirect Purchaser Plaintiffs.  Pool and Manufacturer Defendants argue that they will need to address a number of new issues that Indirect Purchaser Plaintiffs are raising for the first time.[5]  But the amended claims are not a surprise to the defendants because the proposed amendment does little more than duplicate causes of action brought against Manufacturer Defendants by Direct Purchaser Plaintiffs in their Consolidated Amended Class Action Complaint filed June 29, 2012.[6]  Aside from the paragraphs that duplicate paragraphs in Direct Purchaser Plaintiffs' complaint, the changes in the proposed amendment complaint consist primarily of corrected typos, shuffled paragraphs, and the rewording of certain sentences.  This is not a case in which the proposed amendment introduces completely new allegations or causes of

---

[5] R. Doc. 146 at 2-3; R. Doc. 154 at 5

[6] Manufacturer Defendants admit as much in their argument that the underlying facts were known to plaintiffs when the original complaint was filed. R. Doc. 154 at 6 ("their proposed amendments amount to nothing more than mere copying of Direct Purchaser Plaintiffs' previously filed allegations").

action.  The added claims will not require the defendants to conduct substantial additional research and discovery because the claims were already present in Direct Purchaser Plaintiffs' complaint.

Nor is this a case in which a new party is being added to the case after many months of proceedings.  *Cf. ATC Tower Servs., Inc. v. M/A-Com Private Radio Sys., Inc.*, No. 02-196, 2003 WL 396349, at *1 (E.D. La. Feb. 19, 2003) (providing that an amendment seeking to add a new party two months after the deadline for amendments imposed by the court and only two months before the final pretrial conference in a case that had been pending for more than one year "militates in favor of denying the motion").  No trial date is scheduled, and oral argument on Defendants' motions to dismiss will not take place for almost two months.  At this early stage in the case, the potential prejudice in requiring defendants to respond to the amendment is minimal.

*(iv) Availability of a Continuance to Cure Prejudice*

The Court's issuance of a continuance will cure any prejudice.  Along with this order, the Court has given defendants to September 14, 2012 to amend their motions to dismiss to deal with the new allegations.[7]  Because the causes of action against Manufacturer Defendants were already present in Direct Purchaser Plaintiffs' complaint, defendants will not be surprised or

---

[7] R. Doc. 148.

unprepared to respond to these new claims.  Allowing the
amendment of Indirect Purchaser Plaintiffs' complaint does not
require the Court to reset any other deadlines.  Plaintiffs'
response to the motions to dismiss remains due by October 1,
2012, and Defendants' reply deadline of October, 12, 2012 is
unchanged.

In summary, the Court finds that although Indirect
Purchaser Plaintiffs were derelict in not filing the amended
complaint before the amendment deadline, permitting defendants
additional time to address the new allegations will cure any
prejudice to them.  Further, the interest of the parties and the
Court in the efficient management of all pretrial issues supports
permitting the amendment.  The Court therefore finds that
Indirect Purchaser Plaintiffs have met their burden in showing
that good cause exists to amend their complaint.

**B. Rule 15**

Having found good cause, the Court must still apply the more
liberal standard of Rule 15(a) to the decision to grant or deny
leave. *See S & W Enter., LLC v. SouthTrust Bank of Alabama*, 315
F.3d 533, 536 (5th Cir. 2003).  Under Rule 15, the Court "should
freely give leave [to amend] when justice so requires." Fed. R.
Civ. P. 15(a)(2).  In deciding whether to allow amendment of the
complaint, the Court must consider any "undue delay, bad faith,
or dilatory motive on the part of the movant, repeated failure to

cure deficiencies by amendments previously allowed, undue
prejudice to the opposing party by virtue of allowance of the
amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182;
*Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). For the
same reasons stated in the Rule 16 analysis, justice requires the
Court to allow the amendment.

Although the motion to amend should have been filed by the
amendment deadline, the delay was not so long as to disqualify
plaintiffs from amending. In opposing the motion to amend,
Manufacturer Defendants point to this Court's decision in
*Lamartina-Howell v. St. Tammany Parish Sch. Bd.* No. 07-1168, 2010
WL 1838638 (E.D. La. 2010). In that case, the Court denied
plaintiffs' motion to amend the complaint under Rule 15(a). But
in *Lamartina-Howell*, the litigation had been going on for three
years, and plaintiffs had not submitted a proposed amended
complaint or any indication of the new allegations it would
contain. *Id.* at 7. Here, the consolidated case is four months
old, and plaintiffs provided the proposed complaint with their
motion to amend. Further, there is no evidence here of bad faith
or a dilatory motive on the part of the Indirect Purchaser
Plaintiff.

Manufacturer Defendants also urge the court to consider the
futility of amending the complaint in light of defendants'
motions to dismiss. They argue that the amendment is futile

because of fatal deficiencies in the allegations against Manufacturer Defendants in the proposed amended complaint and because Indirect Purchaser Plaintiffs lack proper standing to bring antitrust claims against them. In support, defendants refer to their pending motions to dismiss, to which plaintiffs are not required to respond until October 1, 2012. They also assert a standing argument to which Indirect Purchaser Plaintiffs have not had an opportunity to respond. The Court cannot assess defendants' futility argument before plaintiffs have an opportunity to respond to defendants' pending motions and the parties fully brief the issues. Accordingly, futility is not a basis to deny the proposed amendment.

## C. Conclusion

For all of the forgoing reasons, the court grants the motion to amend the complaint. The complaint is deemed amended effective September 5, 2012.


New Orleans, Louisiana, this 7th day of September, 2012.


_Sarah Vance_

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE