UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MDL No. 2328

IN RE: POOL PRODUCTS
DISTRIBUTION MARKET ANTITRUST          SECTION: R(2)
LITIGATION

JUDGE VANCE
MAG. JUDGE
WILKINSON

**THIS DOCUMENT RELATES TO ALL CASES**

<u>**ORDER AND REASONS**</u>

The Federal Trade Commission ("FTC") seeks to intervene in this matter for the limited purpose of shielding privileged material from discovery.[1] All parties consent to the FTC's limited intervention. The FTC also asks this Court to enter a Protective Order under Federal Rule of Civil Procedure 26(c).[2] The Direct Purchaser Plaintiffs ("DPPs") object to the FTC's proposed Protective Order, but agree to withdraw the two objected-to discovery specifications that are the impetus of the FTC's motion.[3] The Manufacturer Defendants do not oppose the FTC's proposed Protective Order.[4]

For the following reasons, the FTC's motion to intervene for the limited purpose of shielding privileged material from

---

[1] R. Doc. 245.

[2] R. Doc. 246.

[3] R. Doc. 257.

[4] R. Doc. 266-2 at 2.

discovery is granted. Further, the Court grants the FTC's motion to enter its proposed Protective Order in part, and denies it in part. Further, the Court lifts the stay of third-party discovery.

**I.   BACKGROUND**

Before this suit was filed, the FTC's Bureau of Competition investigated Pool Corporation ("PoolCorp") for alleged anticompetitive business practices.[5] During this investigation the FTC received documents and information from industry participants.[6] Because this information was essential to the FTC's case against PoolCorp, the FTC gave assurances that it would keep the participants' cooperation confidential.[7] On November 11, 2011, the FTC reached a settlement with PoolCorp, and concluded its investigation.[8]

Subsequently, pool products purchasers filed class action suits against PoolCorp alleging that PoolCorp violated antitrust laws. These class actions were transferred to this Court and consolidated for pretrial proceedings. In the course of discovery, the DPPs and the Defendants jointly served 43 subpoenae *duces tecum* on various third parties. Significantly,

---

[5] R. Doc. 245-2 at 4.

[6] *Id.*

[7] *Id.*

[8] *Id.* at 4.

2

these subpoenae included two specifications that concern the
FTC's investigation of PoolCorp: they demanded that the
recipients produce (1) "All Documents Concerning Pool
Corporation, the Manufacturing Defendants, Pool Products, or any
refusal to sell to any Distributor or Dealer produced to or
received from the United States Federal Trade Commission,
including all indices" and (2) "All Communications with the
United States Federal Trade Commission Concerning Pool
Corporation, the Manufacturing Defendants, Pool Products or any
refusal to sell to any Distributor or Dealer."[9] The Manufacturer
Defendants' subpoenae specified: "All Documents . . . relating
to, any communications with any other Person about . . . the
[FTC] investigation" and "Documents concerning any government . .
. investigation relating to the matters alleged in the
Complaint."[10]

   The FTC moves to intervene in this matter because a subset
of the subpoenaed third parties served as confidential informants
during its investigation of PoolCorp. Accordingly, the FTC wishes
to assert the informant's privilege, and asks this Court to enter
a Protective Order to preclude the parties from seeking documents
that would reveal its informants' identities. The DPPs do not
oppose the FTC's intervention and have agreed to withdraw the two

---

[9] *Id.* at 5.

[10] R. Doc. 266-2 at 1 n.2.

objected-to specifications. The DPPs do, however, object to the FTC's proposed Protective Order. The Manufacturer Defendants do not oppose the FTC's proposed Protective Order.

## II.  INTERVENTION

The FTC moves to intervene under Federal Rule of Civil Procedure 24(a)(2). The rule states: "On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). To successfully intervene as of right, the moving party must meet four requirements: "(1) [t]he application must be timely; (2) the applicant must have an interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede its ability to protect its interest; and (4) the applicant's interest must be inadequately represented by the existing parties to the suit." *Sierra Club v. Espy*, 18 F.3d 1202, 1204-05 (5th Cir. 1994). The Court concludes that the FTC fulfills these requirements and has a right to intervene.

First, the FTC's application is timely. There are four factors relevant to the timeliness of an intervention motion. They are: "(1) the length of time applicants knew or should have known of their interest in the case; (2) prejudice to existing parties caused by applicants' delay; (3) prejudice to applicants if their motion is denied; and (4) any unusual circumstances." *Ruiz v. Estelle*, 161 F.3d 814, 827 (5th Cir. 1998). Here, the FTC only recently learned that its interests were implicated; the subpoena specifications were issued on March 13, 2013, and March 18, 2013. Further, the FTC's delay does not seem to cause existing parties any harm because many of the third parties have not yet responded to the subpoenae. The FTC's interest will also be jeopardized if its motion is denied, because, as discussed below, the informant's privilege is the government's privilege. As such, it is unclear that the informants can assert the privilege themselves. Accordingly, the FTC's motion is timely.

Second, the FTC has an interest relating to the property or transaction that is the subject of the action. Here, the "transaction that is the subject of the action" are the documents subject to discovery under the subpoena specifications. The FTC has an "interest relating to" these documents as the documents potentially reveal the FTC's informants' identities and therefore implicate the FTC's ability to assert the informant's privilege. The ability to protect privileged documents is a sufficient

5

interest to satisfy Rule 24(a)(2). *See United States v. BDO Seidman*, 337 F.3d 802, 808 (7th Cir. 2003) ("A colorable claim of privilege could constitute a legally protectable interest sufficiently significant to warrant intervention as of right, assuming that the three remaining factors are also satisfied." (citing *In re Grand Jury Subpoena*, 274 F.3d 563, 570 (1st Cir. 2001)).

Third, because the FTC is uniquely situated to assert this privilege, the disposition of this action may as a practical matter "impair or impede [the FTC's] ability to protect its interest." *League of United Latin Am. Citizens, Dist. 19 v. City of Boerne*, 659 F.3d 421, 435 (5th Cir. 2011) (quoting *Sierra Club*, 18 F.3d at 1204-05).

Fourth, because the privilege belongs to the Government, the FTC's interests are inadequately represented by the existing parties to the suit. Finally, the existing parties consent to the FTC's intervention for the limited purpose of protecting privileged material from disclosure. Accordingly, the FTC's motion to intervene for this limited purpose is GRANTED.

## III. PROTECTIVE ORDER

The FTC asks this Court to enter a Protective Order under Rule 26(c). The FTC asserts the informer's privilege to protect the identity of its informants from disclosure.

### A.   THE INFORMER'S PRIVILEGE

6

"What is usually referred to as the informer's privilege is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." *Roviaro v. United States*, 353 U.S. 53, 59 (1957). The privilege protects "the public interest in effective law enforcement." *Id.* By preserving the anonymity of citizens who provide information, the privilege encourages citizens to perform their obligation of communicating to law enforcement their knowledge of the commission of crimes, *id.*, and "'make[s] retaliation impossible.'" *Brock v. On Shore Quality Control Specialists, Inc.*, 811 F.2d 282, 284 (5th Cir. 1987) (quoting *Writz v. Cont'l Fin. & Loan Co. of West End*, 326 F.2d 561, 564 (5th Cir. 1964)).

The privilege "protects more than just the name of the informant and extends to information that would tend to reveal the identify of the informant." *United States v. Napier*, 436 F.3d 1133, 1136 (9th Cir. 2006). It applies in civil cases as well as criminal cases. *Brock*, 811 F.2d at 283. In civil cases, "the privilege is stronger because many of the constitutional rights guaranteed to criminal defendants, which in criminal trials militate in favor of disclosure, do not apply." *In re Kleberg County*, 86 F. App'x 29, 32 (5th Cir. 2004) (citing *In re Search of 1638 E. 2d Street*, 993 F.2d 773, 774-75 (10th Cir. 1993); *Dole*

*v. Local 1942, Int'l Bhd. of Elec. Workers*, 870 F.2d 368, 372 (7th Cir. 1989)).

The privilege does not apply in two instances: "when the disclosure sought will not tend to reveal the identity of the informant" and when the informant's identity has already been disclosed. *Kleberg County*, 86 F. App'x at 32 (citing *Roviaro*, 353 U.S. at 60). Further, even when the privilege attaches, it "must 'give way' when disclosure is 'essential to a fair determination of a cause.'" *Kleberg County*, 86 F. App'x at 33 (citing *Roviaro*, 353 U.S. at 60-61). "To determine whether disclosure is required, we balance the government's interest in nondisclosure against the private litigant's interest in disclosure." *Kleberg County*, 86 F. App'x at 33 (citing *Roviaro*, 353 U.S. at 62). The "private litigant bears the burden of demonstrating that disclosure is essential." *Kleberg County*, 86 F. App'x at 33 (citing *United States v. Valles*, 41 F.3d 355, 358 (7th Cir. 1994)).

The FTC alleges that the third-party subpoenae specifies information that, if disclosed, would reveal that certain parties were informants.[11] There is authority for the use of the informer's privilege to prevent certain discovery requests on third parties in civil cases. *See, e.g., Overby v. U.S. Fid. & Guar. Co.*, 224 F.2d 158, 162 (5th Cir. 1955) (allowing the Secretary of the Treasury to invoke the privilege in light of

---

[11] R. Doc. 246-1.

requests that a bank produce correspondence between the bank and federal banking officials); *Martin v. Albany Bus. Journal, Inc.*, 780 F. Supp. 927, 940 (N.D.N.Y. 1992) (noting that "the Government has the authority to invoke the privilege, even at third-party depositions" because the informer's privilege "prohibits inquiry related to the [potential informers'] contact with [Department of Labor] investigators"); *Brock v. J.R. Sousa & Sons, Inc.*, 113 F.R.D. 545, 548 (D. Mass. 1986) (holding that because Secretary of Labor appropriately invoked the informer's privilege, defendants could not ask employees whether or not they provided information to the Secretary of Labor at a deposition). Accordingly, it requests that this Court enter a Protective Order precluding the discovery requests for certain information.

**B.    THE FTC'S PROPOSED PROTECTIVE ORDER**

The FTC's proposed Protective Order would prevent the parties from seeking materials from third parties concerning (1) any third party's communication with the FTC staff as part of the FTC investigation of PoolCorp, (2) materials any third party produced to or received from the FTC during the PoolCorp investigation, and (3) materials concerning or relating to the FTC's investigation identified as such (internal communications discussing the FTC's investigation.)[12] Its proposed Protective Order would not preclude the discovery of any third party's

---

[12] R. Doc. 246-3 at 3.

knowledge of the underlying facts of the case, or any materials obtained during the ordinary course of business, independent of any communications with the FTC. These materials are discoverable *even if* such materials were also produced to the FTC as part of the PoolCorp investigation. The proposed Protective Order would also preclude requests that the third party identify which of the materials were produced to the Commission, and shields any documents that would reveal a Third Party's cooperation with the FTC.[13]

The FTC also requests the ability to monitor future deposition of third parties for the sole purpose of asserting the privilege and requests that if a third party produces any of the precluded materials listed above to any party, that the party notify the other parties and the FTC.[14]

**C.   THE DPP'S OPPOSITION**

The DPPs and the FTC agree on most terms. The DPPs agree to withdraw the two objected-to specifications except as to any third party who has already responded to those specific specifications.[15] The DPPs also agree to allow the FTC to monitor future depositions, and to serve all third-party discovery specifications on the FTC so that the FTC can raise the

---

[13] *Id.*

[14] *Id.* at 5.

[15] R. Doc. 257-1 at 5.

10

informant's privilege. The DPPs object, however, to the FTC's proposed order because its terms are overly broad and premature. The Manufacturer Defendants did not file an objection to the FTC's proposed Protective Order or file an objection to the DPPs' response.

**D.  DISCUSSION**

   **1.  The Informer's Privilege Covers the Objected-to Specifications**.

   The objected-to specifications "tend to reveal the identify of the informant." *United States v. Napier*, 436 F.3d 1133, 1136 (9th Cir. 2006). Among other information, they specify communications with the FTC. The FTC has demonstrated an interest in protecting the identity of its informants.[16] Informants provide key information to the FTC and their participation would be jeopardized if they feared that they would be exposed as informants and subject to retaliation. The FTC has submitted evidence that it gave its informants assurances that their cooperation would be kept confidential and that its informants would not cooperate without such assurances.[17] Further, the burden is on the party seeking disclosure to "demonstrat[e] that disclosure is essential" to its case. *Kleberg County*, 86 F. App'x at 33. Neither the DPPs nor the Manufacturer Defendants have made

---

[16] R. Doc. 246-2 at 2-3.

[17] *Id.* at 4.

11

any such showing. Indeed, it appears that relevant information is available without implicating the identity of the FTC's informants. Accordingly, the objected-to subpoena specifications of the DPPs and the Manufacturer Defendants sought demonstrably privileged material and are therefore quashed.

> **2.    The Court Must Address Any Future Assertion of the Privilege as it Arises.**

There remains a fundamental problem with the approach the FTC takes to the privilege issue in its proposed Protective Order: it asks for a prospective, categorical restriction on information that may be included in any future request without any avenue to demonstrate that the privilege is not applicable. A prospective rule is problematic because this Court cannot make a determination of whether a particular specification is covered by the informant's privilege in the abstract. The informer's privilege is qualified, not absolute. *See Hodgson v. Charles Martin Inspectors of Petroleum, Inc.*, 459 F.2d 303, 305 (5th Cir. 1972) ("The law is clearly established that the privilege asserted here is a qualified one, not absolute."). Accordingly, to determine whether the privilege applies in a specific instance, the Court must at least review the particular specification at issue. For example, the privilege does not apply "when the disclosure sought will not tend to reveal the identity of the informant." *Kleberg County*, 86 F. App'x at 32 (citing

*Roviaro*, 353 U.S. at 60). The Court, then, may not make a determination as to the application of the privilege without first examining the specific request to see if it seeks information tending to reveal an informant's identity. The FTC requests a blanket ruling on these issues without reference to any particular specification. Its requested relief also presumes that no informant's identity has been disclosed and that plaintiffs could never make a demonstration that the information sought is essential to their ability to pursue their claims.

*Overby* is instructive. In *Overby*, the Secretary of Treasury objected to certain discovery specifications made on third-party banks as infringing on the informant's privilege. 224 F.2d at 161. The Court ordered that the objected-to discovery specification be narrowed as not to specify any information revealing the informer's identity. *Id.* at 164. The Court then allowed the Secretary of Treasury to review all future discovery specifications, and held that if the Secretary still objects "it will then become necessary for the Court to rule upon the validity of any such claim." *Id.* (noting that by narrowing the discovery specifications and serving them on the Secretary, "[e]very reasonable effort will have been made to avoid a conflict" but that "[i]f, nevertheless, a claim of privilege has to be decided by the Court, at least it will be in as narrow compass as possible").

Consequently, the Court finds that the FTC has demonstrated that the specific objected-to discovery specifications must be quashed. These are precisely the kinds of discovery requests that tend to reveal the identity of an FTC informant and are illustrative of the kinds of discovery requests that the Parties should avoid in the future. The Court also specifically reserves the FTC's right to raise additional assertions of privilege to future specifications, and will facilitate its ability to do so by granting the FTC a limited role in this proceeding to monitor discovery and depositions going forward. If the FTC wishes to raise the informant's privilege as it applies to a deposition question or a specific discovery request to a third party it may do so by satisfying the "specific formal requirements for proper invocation." *Martin*, 780 F. Supp. at 932.

**IV. CONCLUSION**

The Court grants the FTC's motion for limited intervention. Further, the Court grants in part and denies in part the FTC's motion for a Protective Order by entering the Protective Order below. Finally, the Court lifts the stay of third party discovery.

**PROTECTIVE ORDER**

On or about March 13 and 18, 2013, the Direct Purchaser Plaintiffs ("DPPs") and the Defendants (PoolCorp and the Manufacturer Defendants, Pentair, Hayward, and Zodiac) served 43

14

subpoenae *duces tecum* on various third parties (the "Subpoenae"). Each DPP Subpoena included the following two specifications of documents (the "Objected-to Specifications"):

>"All Documents Concerning Pool Corporation, the Manufacturing Defendants, Pool Products, or any refusal to sell to any Distributor or Dealer produced to or received from the United States Federal Trade Commission, including all indices."

>"All Communications with the United States Federal Trade Commission Concerning Pool Corporation, the Manufacturing Defendants, Pool Products or any refusal to sell to any Distributor or Dealer."

The Manufacturer Defendants' subpoenae(also considered the "Objected-to-Specifications") contained the following specifications: "All Documents . . . relating to, any communications with any other Person about . . . the [FTC] investigation" and "Documents concerning any government . . . investigation relating to the matters alleged in the Complaint."[18]

The FTC sought a Protective Order precluding the parties from seeking certain categories of information. The Court enters this Order to govern the issues raised in the FTC's motion.

---

[18] R. Doc. 266-2 at 1 n.2.

**DEFINITIONS**

1. As used herein, the following terms shall have the following meanings:

    a. "Action" means the action captioned *In re: Pool Products Distribution Market Antitrust Litigation*, Case No. 2:12-md-02328-SSV-JCW (E.D.La.), which is currently pending in the United States District Court for the Eastern District of Louisiana, and includes all actions transferred by the Judicial Panel for Multidistrict Litigation for coordination, all actions pending such transfer (including but no limited to "tag-along" actions), and all actions that may be transferred in the future.

    b. "Court" or "District Court" shall refer to the United States District Court for the Eastern District of Louisiana and the Honorable Sarah S. Vance, Magistrate Judge Joseph C. Wilkinson, Jr. or their successors.

    c. "Informant Privilege" is the evidentiary privilege that belongs to the government and that protects from disclosure the identity of persons who furnish information to the government concerning alleged violations of law by other persons, and protects against the disclosure of materials that would tend to reveal the identity of the informers.

16

d.   "Materials" means all documents, items, or other
information, regardless of the medium or manner
generated, stored or maintained (including, among other
things, testimony, transcripts, or tangible things),
that are produced or generated in disclosures or
responses to discovery in the Action, any copies,
reproductions, or summaries, and their content.

e.   "Parties" means Plaintiffs and Defendants.

f.   "Party" means any of the Parties.

g.   "Person" means any natural person, partnership,
corporation, association, or other legal entity, as
well as its parents, subsidiaries, affiliates, board
members, officers, employees, agents attorneys, and
representatives.

h.   "PoolCorp Investigation" means the Commissions
investigation of defendant Pool Corporation, FTC File
No. 101-0115.

i.   "Intervenor" means the Federal Trade Commission, which
is represented by the U.S. Department of Justice in
connection with this Action.

j.   "Third Party" means any non-party which has received a
subpoena issued by one of the Parties, or other request
for information (including requests by any

investigator, attorney, or other Person affiliated with

one of the Parties).

2.   The FTC's motion for Protective Order is Granted as to the

objected-to specifications identified at the beginning of

this Protective Order. These objected-to specifications

(except as to any Third Party who has already provided a

complete, substantive response to those specific requests)

are quashed and the subpoenaed parties shall not respond to

them.

3.   Within 14 days of entry of this Order, DPPs and the

Manufacturer Defendants must serve a copy of this Order and

written notice to any Third Party to which DPPs or the

Manufacturer Defendants have sent a subpoena identifying the

specific discovery specifications that have been quashed.

DPPs and the Manufacturer Defendants must copy the FTC's

counsel on these notices.

4.   With respect to the right granted below to participate in

Third Party discovery, the FTC's counsel shall be treated in

the same manner as a counsel for the Parties and subject to

those terms of this Court's Pretrial order Concerning

Deposition and Subpoena Guidelines (Dkt. No. 201) that

relate to the scheduling of Third Party depositions. The

unavailability of the FTC's undersigned counsel or her

designee, however, shall not prevent the scheduling of a

Third Party deposition. FTC's Counsel must sign and abide by applicable protective orders. The FTC may participate in Third-Party discovery as follows:

(1) Lisa Marcus, counsel for the FTC, or her designee, may attend or otherwise monitor future depositions of any Third Party, for the sole purpose of asserting the Informant's Privilege.

(2) All Third Party discovery specifications and responses will be served on the FTC, through Lisa Marcus. The FTC and its counsel will use any discovery specifications or responses obtained in this case for the sole purpose of protecting privileged information from disclosure in this matter, and for no other purpose.

5.   The Parties are not precluded from discovery of any Third Party's knowledge of the underlying facts relevant to this litigation (*i.e.*, independent of any communications with the FTC staff). Nor are they precluded from discovery of Third Party Materials that were created or obtained independently of the PoolCorp Investigation or independently of any communications with the FTC's staff concerning the PoolCorp Investigation, even if such Materials were also produced to the FTC's staff as part of the PoolCorp Investigation.

6.   In all other respects the FTC's motion for protective order
     is DENIED.

        New Orleans, Louisiana, this <u>5th</u> day of June, 2013.

                                    _____
                                          SARAH S. VANCE
                                    UNITED STATES DISTRICT JUDGE