UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MDL No. 2328

IN RE: POOL PRODUCTS
DISTRIBUTION MARKET ANTITRUST                SECTION: R(2)
LITIGATION

JUDGE VANCE
MAG. JUDGE
WILKINSON

**THIS DOCUMENT RELATES TO ALL CASES**

## ORDER AND REASONS

Defendants move to strike the supplemental report by Dr. Gordan Rausser, expert for the Direct Purchaser Plaintiffs' ("DPPs"), that was provided to defendants on July 7, 2014. For the following reasons, defendants' motion is GRANTED.

## I. BACKGROUND

The Court issued Pretrial Order No. 20 ("PTO #20") in this case on October 21, 2013.[1] PTO #20 provided that the parties would simultaneously exchange their expert reports on April 10, 2014, and simultaneously exchange their reply expert reports on June 10, 2014.[2] In addition, Magistrate Judge Wilkinson issued an Order in this case on April 23, 2014, setting July 10 and 11,

---

[1]    R. Doc. 334.

[2]    *See id.*

1

2014 for the deposition of DPPs' expert Dr. Rausser.[3] The parties exchanged reports and reply reports in accordance with the schedule set out in PTO #20, and are scheduled to depose Dr. Rausser on Thursday and Friday of this week in accordance with Judge Wilkinson's Order.

On July 7, 2014, defendants filed this motion, contending that they had just received a new reply report issued by Dr. Rausser, over three weeks after the deadline for reply reports and only three days before his scheduled deposition. Defendants assert that the new reply report is substantively different from Dr. Rausser's previous reports, as it responds to some of the criticisms and analysis from defendants' experts' reply reports, employs new methodology in multiple instances, and reaches new conclusions. They also assert that if admitted, the new report will require their experts to conduct an entirely new analysis and that the new analysis would take several weeks. Defendants ask the Court to exclude this evidence because it was produced after the deadline for the expert reports set forth in PTO #20.

The Court issued an order requiring DPPs to file a response to defendants' motion to strike by the end of the day on July 8, 2014.[4] DPPs did so.[5] In response to the motion to strike, DPPs

_____

[3]    R. Doc. 411.

[4]    R. Doc. 428.

[5]    R. Doc. 429.

2

claim that the supplemental report is only to "correct a misunderstanding regarding PoolCorp's pricing data" and to make "minor refinements" or "adjustments" to respond to critiques from defendants' experts' reply reports.

## II. DISCUSSION

Federal Rule of Civil Procedure 16(b) authorizes district courts to control and expedite the discovery process through a scheduling order. *See* Fed. R. Civ. P. 16(b). Consistent with this authority, the Court has "broad discretion" to enforce its scheduling order. *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990). The Federal Rules of Civil Procedure specifically authorize the Court to sanction a party for failing to comply with its scheduling order by excluding evidence. *See* Fed. R. Civ. P. 16(f), 37(b)(2).

In *Geiserman*, the Fifth Circuit listed four factors that a court should consider in exercising its discretion to exclude evidence that is not produced in accordance with a court's order: (1) a party's explanation for its failure to produce the evidence; (2) the importance of the proposed evidence; (3) potential prejudice in allowing the admission of the evidence; and (4) the availability of a continuance to cure such prejudice. *Geiserman*, 893 F.3d at 791; *see also Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007). "[A] trial court's decision to

3

exclude evidence as a means of enforcing a pretrial order 'must
not be disturbed' absent a clear abuse of discretion." *Geiserman*,
893 F.3d at 790 (quoting *Davis v. Duplantis*, 448 F.2d 918, 921
(5th Cir. 1971)).

With regard to the first *Geiserman* factor, DPPs have failed
to produce a good explanation for its failure to produce the new
contents of Dr. Rausser's supplemental report in accordance with
the schedule set out in PTO #20. DPPs first contend that the
report seeks primarily to correct a misunderstanding--a
misunderstanding that Dr. Rausser and DPPs attempt to lay at the
feet of PoolCorp--about PoolCorp's pricing data. But this
explanation does not account for the other admitted "refinements"
and "adjustments" in Dr. Rausser's new report. These changes,
DPPs contend, "arise from judgment calls to nuanced features in
[Dr. Rausser's] analysis, and were made in response to critiques
by Defendants' experts in their reply reports, in particular
those of Vandy Howell."[6] Far from being an explanation that would
excuse the need for a late-filed supplemental report, this reason
demonstrates exactly why reply reports beyond those set out in
PTO #20 were not permitted in the first place. In initial
discussions over the sequencing of expert reports, defendants
wished to receive plantiffs' reports first and then have the
opportunity to respond. In a compromise, and in an effort to

---

[6]   R. Doc. 429 at 4.

4

curtail an endless spiral of reply reports, the Court determined
that the parties would exchange both initial and reply reports
simultaneously. Now, DPPs attempt to position themselves to
advantage by unilaterally seeking to have the last word. This
they cannot do. Accordingly, because DPPs have failed to provide
a good explanation for why they did not keep to the schedule for
producing expert reports, the first factor weighs strongly in
favor of exclusion of the evidence.

Turning to the second *Geiserman* factor, it is unclear
whether the evidence in question is important to plaintiff's
case. Nothing in the motion to strike or response thereto informs
the Court as to whether the "misunderstandings" that Dr. Rausser
seeks to correct in his new report could be satisfactorily
cleared up in his deposition, scheduled to begin tomorrow. This
factor thus does not weigh strongly for or against exclusion.

The third *Geiserman* factor examines the potential prejudice
involved if the report should be admitted. Here, for the reasons
described above, it's clear that the timing of this new report
prejudices the defendants in their ability to appropriately
prepare for discovery and briefing. Most importantly, defendants
only received Dr. Rausser's new report on Monday of this week,
three days before Dr. Rausser's deposition is scheduled to begin
in San Francisco. This gives defendants no time to have their own
experts review the report to assist them with their preparation

for the deposition. Accordingly, the third *Geiserman* factor
weighs in favor of exclusion.

Finally, the Court considers the fourth *Geiserman* factor,
the availability of a continuance. Under the PTO #20, briefs for
summary judgment motions, motions for class certification, and
*Daubert* motions are due only two months from now, on September
10, 2014. Defendants aver that admitting the supplemental report
will require their experts to conduct entirely new analyses and
that this analysis will take several weeks. Defendants also aver
that they would need a third day of deposition for Dr. Rausser,
to take place some time after their experts have been able to
complete their new analyses. Even assuming that defendants
experts could complete their new analyses in three weeks, and
that the parties could schedule a third day of deposition for Dr.
Rausser the very next week, that would leave only a month between
the close of depositions and the date upon which briefs for
multiple substantive motions are due. This is to say nothing of
how tight the schedule would be if either the analysis or the
deposition could not be completed within the next month.

The briefing schedule has already been continued once, and
the current briefing schedule has been set since October of last
year. More importantly, this is a complex antitrust MDL,
involving the time of multiple parties and many counsel. At no
point during the *month* between when DPPs received defendants'

6

experts reply reports on June 10, 2014 and when DPPs attempted to issue Dr. Rausser's supplemental report on July 7, 2014 did DPPs ever attempt to seek leave of court to produce a supplemental report. Instead, DPPs made the unilateral decision to produce a report that was not provided for in the much-discussed and carefully crafted schedule for discovery and briefing in this case. Therefore, a continuance solely to accommodate DPPs' actions is highly undesirable at this stage. "Moreover, a continuance would not deter future dilatory behavior, nor serve to enforce . . . court imposed scheduling orders." *Geiserman*, 893 F.2d at 792 (citing *Bradley v. United States*, 866 F.2d 120, 126 (5th Cir. 1989)).

The first, third, and fourth *Geiserman* factors weigh in favor of excluding the evidence, and the second factor is a draw. Thus, the Court finds that admission of Dr. Rausser's supplemental report would undermine "the integrity and purpose" of the Pretrial Order. *Geiserman*, 893 F.2d at 790. Accordingly, Defendants' motion to strike is GRANTED.


New Orleans, Louisiana, this 9th day of July, 2014.


SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

7