UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: POOL PRODUCTS
DISTRIBUTION MARKET ANTITRUST
LITIGATION

MDL No. 2328

SECTION: R(2)

JUDGE VANCE
MAG. JUDGE WILKINSON

**THIS DOCUMENT RELATES TO ALL CASES**

### ORDER AND REASONS

Defendants move to strike the supplemental report by Dr. Gordan Rausser, expert for the Direct Purchaser Plaintiffs' ("DPPs"), as supplemented on November 3, 2014.[1] For the following reasons, the Court grants the motion.

The Court issued Pretrial Order No. 20 ("PTO #20") in this case on October 21, 2013.[2] PTO #20 provided that the parties would simultaneously exchange their expert reports on April 10, 2014, and simultaneously exchange their reply expert reports on June 10, 2014.[3] In addition, Magistrate Judge Wilkinson issued an Order in this case on April 23, 2014, setting July 10 and 11, 2014 for the deposition of DPPs' expert Dr. Rausser.[4] The parties exchanged reports and reply reports in accordance with the schedule set out in PTO #20.

---

[1] R. Doc. 492.

[2] R. Doc. 334.

[3] *See id.*

[4] R. Doc. 411.

On Monday, July 7, 2014, defendants filed a motion contending that they had just received a new reply report issued by Dr. Rausser, over three weeks after the deadline for reply reports and only three days before his scheduled deposition.[5]  In their motion, defendants asked the Court to strike Dr. Rausser's supplemental report because it was produced after the deadline for expert reports set forth in PTO #20.  They also argued that the new report employed new methodology and reached new conclusions in multiple instances.  They contended that if permitted, the new report would require their experts to conduct an entirely new analysis, and that they would need an additional day to depose Dr. Rausser after their experts had completed their new review and analysis.  They suggested that the new analysis would take at least several weeks.

In response to defendants' motion to strike, DPPs claimed that the supplemental report sought only to "correct a misunderstanding regarding PoolCorp's pricing data" and to make "minor refinements" or "adjustments" in response to critiques from defendants' experts' reply reports.

In an Order issued July 9, 2014, the Court analyzed the arguments for and against permitting the new report under *Geiserman v. MacDonald*, 893 F.2d 787 (5th Cir. 1990), which sets forth four factors that a court should consider when exercising its discretion to permit or exclude evidence produced by a party

---

[5]   R. Doc. 425.

in violation of a scheduling order.  Based on the information before the Court at the time, the Court determined that the *Geiserman* factors weighed in favor of not permitting use of the report.[6]  Accordingly, the Court issued an Order prohibiting DPPs from introducing the untimely supplemental report into evidence.[7]

On August 7, 2014, one week before the regular status conference, DPPs asked the Court to revisit its decision about the supplemental report.  The Court conducted an *in camera* review of Dr. Rausser's original reports, defendants' experts reply reports, and Dr. Rausser's supplemental report.  After studying the reports and hearing from counsel on both sides, the Court revised its Order regarding the supplemental report and permitted DPPs to submit the report, subject to a set of strict conditions.  First, the Court gave defendants two additional months for their experts to review the new report and submit a written critique.[8]  This extension required the Court to order a continuance in the briefing schedule for summary judgment, class certification, and *Daubert* motions.  Second, the Court required DPPs to make Dr. Rausser available for an additional day of deposition, to take place during the two-week period immediately following the close of the sixty days given to defendants to complete their new analysis.  Third, both at the status conference and in Pretrial

---

[6]   R. Doc. 432.

[7]   *See id.*

[8]   R. Doc. 458.

Order No. 29, the Court specifically ordered that Dr. Rausser was to complete *no additional work* beyond the calculations already included in the supplemental report.[9] Fourth, the Court shifted defendants' attorneys' fees and expenses associated with the new expert analyses and the redeposition of Dr. Rausser to plaintiffs.

Defendants' experts submitted their new analysis of Dr. Rausser's supplemental report to plaintiffs in mid-October, and the parties conducted an additional day of deposition with Dr. Rausser on November 3, 2014. At the beginning of the deposition, defendants asked Dr. Rausser what he had done to prepare for the deposition. Dr. Rausser revealed that he had revisited his analysis from the supplemental report. Specifically, he explained that he and his team had performed a "quality assessment," during which they discovered a number of "coding errors," which they then corrected. He went on to describe a number of changes that he and his team had made to the supplemental report. He also produced a document titled "Results after clarification of quantity, unit-of-measure, cost indices, and inflation factor," which is a one-page chart itemizing changes to various figures in his supplemental report.

Defendants now move to strike Dr. Rausser's new calculations and his testimony regarding his new calculations and changes to

---

[9] *See id.*

the supplemental report.  The Court has studied Dr. Rausser's deposition testimony and his chart of changes.  The Court finds that Dr. Rausser's new calculations, his one-page chart of changes, and the testimony he provided on November 3, 2014 regarding his new calculations and changes all violate the strict terms of the Court's orders.  In addition, because DPPs provided no notice to defendants that Dr. Rausser had completed additional work, defendants did not learn of Dr. Rausser's new calculations until they began deposing him.  Moreover, DPPs never requested permission, nor have they shown good cause, for Dr. Rausser to produce work exceeding the scope of the Court's orders.

DPPs have stipulated that they do not object to the Court striking Dr. Rausser's deposition testimony describing his new calculations or the chart summarizing his changes to the supplemental report.[10]  After receiving this stipulation, the Court ordered counsel for the parties to meet and confer to determine if any portions of Dr. Rausser's November 3, 2014 deposition should not be stricken.  The parties conferred and agreed that the following page/line ranges should not be stricken:

---

[10]   R. Doc.

```
Page/line
Beginning - 521/10
542/6 - 553/20
559/13 - 563/19
565/21 - 585/19
588/18 - 601/18
606/3 - 608/9
610/9 - 614/14
616/11 - 620/4
632/24 - 649/7
```

In accordance with the parties' stipulation, the Court will not strike these portions of the deposition.

Because Dr. Rausser's new calculations and changes to the supplemental report exceed the scope of the Court's previous orders, and because good cause has not been shown for permitting the new calculations and changes, the Court grants defendants' motion to strike.  Thus, the Court strikes Dr. Rausser's chart of changes to the supplemental report and his November 3, 2014 deposition testimony regarding his new calculations and changes. The parties may only submit the unstricken portions of the deposition listed above.  Moreover, Dr. Rausser may not submit any other documents or testify at any later time in this litigation regarding any calculations or changes to his reports beyond the calculations included in his July 7, 2014 supplemental report.

New Orleans, Louisiana, this 30th day of December, 2014.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE