UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: POOL PRODUCTS DISTRIBUTION        MDL NO. 2328
MARKET ANTITRUST LITIGATION

SECTION "R" (2)

CHIEF JUDGE VANCE
MAG. JUDGE WILKINSON

**FINDINGS AND RECOMMENDATION**

By order entered February 3, 2015, Record Doc. No. 568, Chief Judge Vance referred the following to me for determination: (1) the Ex Parte Motion of Special Master, Richard C. Stanley, for Payment of Fees and Expenses Incurred by the Special Master, Record Doc. No. 490, and (2) the Ex Parte Motion of the Indirect Purchaser Plaintiffs' Settlement Class Counsel for Approval of Payment of Notice Administration Expenses, Record Doc. No. 567. Written opposition, if any, to these motions was due to be filed no later than February 13, 2015. Record Doc. No. 570. No memorandum in opposition to either motion has been timely submitted.

Accordingly, these motions are deemed to be unopposed, and, further, it appearing to the court that the motions have merit for the following reasons, IT IS RECOMMENDED that the motions be GRANTED.

These MDL cases include antitrust class actions brought under federal law. Accordingly, federal law applies to determine any awards of attorney's fees and expenses.

A. <u>The Special Master's Motion for Payment of Fees and Expenses</u>

By order dated August 22, 2014, Chief Judge Vance appointed Stanley as a Special Master with respect to the Indirect Purchaser Plaintiffs' proposed settlement with Hayward Industries, Inc. ("Hayward"). The order designated the Special Master's duties, authorized him to engage appropriate support personnel and approved compensation for him at the hourly rate of $275, which he should bill on a monthly basis against the settlement escrow account or, in the event preliminary approval of the Indirect Purchaser Plaintiffs' settlement with Hayward was not granted, to be paid by counsel for the Indirect Purchaser Plaintiffs. Order, Record Doc. No. 467.

In his motion, which was filed on October 21, 2014, Stanley seeks $6,886.25 in attorney's fees and $4.40 in copying costs, for a total of $6,890.65 in fees and expenses incurred between August 20 and September 30, 2014. The motion tracks the language of Chief Judge Vance's order and seeks payment either from the settlement funds or, in the event preliminary approval of the Indirect Purchaser Plaintiffs' settlement with Hayward was not granted, from counsel for the Indirect Purchaser Plaintiffs. However, on December 31, 2014, Chief Judge Vance granted the parties' Joint Motion for Preliminary Approval of the Hayward and Zodiac[1] Settlements and Certification of Settlement Class. Record Doc. Nos. 551, 552. Thus, the award that Stanley seeks should

---

[1] The preliminary approval order also applied to the Indirect Purchaser Plaintiffs' settlement with Zodiac Pool Systems, Inc., which is not at issue in the Special Master's motion.

2

be paid from the funds held in escrow for the Indirect Purchaser Plaintiffs' settlement with Hayward.

Stanley states in his motion that he discounted his total fees "by 50% in order to offset time spent becoming familiar with this matter and this assignment, and further in consideration of the limitations on the amount available to the settlement class for distribution." Record Doc. No. 490 at p. 1. He attached to his motion what appears to be a contemporaneous invoice for his work and that of Kathryn W. Munson and Helena R. Shear. Stanley Exh. 1, Record Doc. No. 490-1, invoice dated October 1, 2014 from Stanley, Reuter, Ross, Thornton & Alford, LLC. The motion does not identify the titles or qualifications of Munson and Shear. The court assumes, based on their rates of $75 per hour and the description of the work for which they billed, that they were a law clerk[2] and a paralegal, respectively, whose fees for legal work are recoverable. See Missouri v. Jenkins, 491 U.S. 274, 288 (1989) (law clerks and paralegals); Thompson v. Connick, 553 F.3d 836, 868 (5th Cir. 2008), rev'd on other grounds, 131 S. Ct. 1350 (2011) (paralegals); Vela v. City of Houston, 276 F.3d 659, 681 (5th Cir. 2001) (same); Volk v. Gonzalez, 262 F.3d 528, 535 (5th Cir. 2001) ("legal assistant"); Coleman v. Houston Indep. Sch. Dist., 202 F.3d 264, 1999 WL 1131554, at *6-7, *9 (5th Cir. Nov. 8, 1999) (law clerks).

---

[2]According to Munson's comment published in the Tulane Law Review, she was a 2014 J.D. candidate at Tulane University Law School. Kathryn W. Munson, Comment, Why Don't You Do Right? Corporate Fiduciary Law and the Self-Critical Analysis Privilege, 88 Tul. L. Rev. 651, 651 n. a1 (2014).

The lodestar method is routinely used to determine attorney's fee awards in federal civil actions and applies in this case brought under a federal statute. Under the lodestar method,

> [t]he determination of a fees award is a two-step process. First the court calculates the "lodestar[,]" which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work. The court should exclude all time that is excessive, duplicative, or inadequately documented. Once the lodestar amount is calculated, the court can adjust it based on the twelve factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974)[, abrogated on other grounds by Blanchard v. Bergeron, 489 U.S. 87 (1989)].

Jimenez v. Wood Cnty., 621 F.3d 372, 379-80 (5th Cir. 2010) (citations omitted).

"The lodestar may not be adjusted due to a Johnson factor, however, if the creation of the lodestar award already took that factor into account. Such reconsideration is impermissible double-counting." Heidtman v. Cnty. of El Paso, 171 F.3d 1038, 1043 (5th Cir. 1999) (citing City of Burlington v. Dague, 505 U.S. 557, 562 (1992); Shipes v. Trinity Indus., 987 F.2d 311, 319-20 (5th Cir. 1993)); accord Perdue v. Kenny A., 130 S. Ct. 1662, 1669 (2010).

The Johnson factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10)

4

the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the award in similar cases.

Johnson, 488 F.2d at 717-19.

"[O]f the Johnson factors, the court should give special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of counsel." Migis v. Pearle Vision, Inc., 135 F.3d 1041, 1047 (5th Cir. 1998) (citation omitted). Three of the Johnson factors, complexity of the issues, results obtained and preclusion of other employment, are presumably fully reflected and subsumed in the lodestar amount. Heidtman, 171 F.3d at 1043. After Johnson was decided, the "Supreme Court has barred any use of the sixth factor," whether the fee is fixed or contingent. Walker v. U.S. Dep't of Housing & Urban Dev., 99 F.3d 761, 772 (5th Cir. 1996) (citing City of Burlington, 505 U.S. at 567). The Johnson factors are taken into account only after the court has determined the lodestar amount. Id. at 771-72.

The lodestar "is presumptively reasonable and should be modified only in exceptional cases." Watkins v. Fordice, 7 F.3d 453, 457 (5th Cir. 1993) (citing City of Burlington, 505 U.S. at 562); accord Perdue, 130 S. Ct. at 1669, 1673. The Supreme Court has stated that "an increase [in the lodestar] amount is permitted in extraordinary cases, . . . [b]ut . . . there is a strong presumption that the lodestar is sufficient; . . . and the party seeking fees has the burden of identifying a factor that the lodestar does not

adequately take into account and proving with specificity that an enhanced fee is justified." Id. at 1669.

Although the party seeking attorney's fees bears the initial burden of submitting adequate documentation of the hours reasonably expended and of the attorney's qualifications and skill, any party seeking reduction of the lodestar bears the burden of showing that a reduction is warranted. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Wegner v. Std. Ins. Co., 129 F.3d 814, 822 (5th Cir. 1997); La. Power & Light Co. v. Kellstrom, 50 F.3d 319, 329 (5th Cir. 1995).

In addition, attorneys must exercise "billing judgment" by "writing off unproductive, excessive, or redundant hours" when seeking fee awards. Green v. Admin'rs of Tulane Educ. Fund, 284 F.3d 642, 662 (5th Cir. 2002), abrogated in part on other grounds by Burlington N. & Santa Fe Ry. v. White, 548 U.S. 53, 63-64 (2006) (citing Walker, 99 F.3d at 769); accord Hensley, 461 U.S. at 433-34. The fee seeker's attorneys are "charged with the burden of showing the reasonableness of the hours they bill and, accordingly, are charged with proving that they exercised billing judgment." Walker, 99 F.3d at 770.

First, I must determine a reasonable hourly rate. An attorney's requested hourly rate is prima facie reasonable when he requests that the lodestar be computed at his customary billing rate, the rate is within the range of prevailing market rates, and the rate is not contested. Id. at 329. In this instance, Stanley's requested hourly rate of $275 has

already been established as reasonable by Chief Judge Vance's order. In fact, the court knows from its own experience and knowledge of Stanley's background and practice that the approved rate is far below his ordinary and fully justifiable higher hourly billing rate. No party opposes or could conceivably reasonably oppose either Stanley's requested rate or the $75 hourly rate that he seeks for the work of a law clerk and paralegal.

Accordingly, I find that the requested hourly rates of $275 for Stanley and $75 for a law clerk and paralegal are reasonable and well within – even below – the prevailing market rates for lawyers and paralegals with comparable experience in the New Orleans area legal market. Thompson v. Connick, 553 F.3d 836, 868 (5th Cir. 2008), rev'd on other grounds, 131 S. Ct. 1350 (2011); Offshore Marine Contractors, Inc. v. Palm Energy Offshore, LLC, No. 10-4151, 2014 WL 5039670 at *8-9 (E.D. La. Sept. 25, 2014) (and cases cited therein); Guity v. Lawson Envtl. Serv., LLC, No. 11-2506, 2014 WL 4723295, at *6-8 (E.D. La. Sept. 23, 2014) (and cases cited therein).

Next, I must determine the reasonable number of hours that Stanley expended on the work for which he seeks reimbursement. As reflected in the invoice attached to the motion, Stanley worked 32.3 hours, Munson worked 64.7 hours and Shear worked 0.5 hours on this case. None of the work is excessive or outside the scope of Chief Judge Vance's designation of the duties of the Special Master.

In addition, Stanley voluntarily excluded from his invoice 50 percent of his and his staff's time spent in becoming familiar with this matter and his assignment. I find

7

that these exclusions reflect the exercise of prudent and reasonable billing judgment and that the 32.3 attorney, 64.7 law clerk hours and 0.5 paralegal hours are reasonable for the scope and kind of work reflected in this record.

Accordingly, $6,886.25 is the total lodestar amount of attorney's fees, consisting of the hours of lawyer time multiplied by the reasonable hourly rate of $275 and the hours of law clerk and paralegal time multiplied by the reasonable hourly rate of $75 set forth above, and that total of $13,772.50 is reduced by 50 percent. All of the Johnson factors, including especially the quality of work performed and counsel's experience, time and labor, are subsumed in the lodestar analysis set out above. The results obtained are not a factor. I find that this is not one of those exceptional cases in which the lodestar should be modified. Accordingly, I find that the lodestar amount of attorney's fees in the amount of $6,886.25 is reasonable and awardable.

I further find that Stanley's copying costs of $4.40 for 44 copies at 10 cents a page are reasonable, necessarily incurred and awardable. Combining the copy costs with the lodestar amount of attorney's fees of $6,886.25, I find that Stanley should be reimbursed a total of $6,890.65 in fees and costs.

  B. Indirect Purchaser Plaintiffs' Settlement Class Counsel's Motion for Approval of Payment of Notice Administration Expenses

In her orders preliminarily approving the Indirect Purchaser Plaintiffs' settlements with Hayward and Zodiac and establishing procedures to implement the settlements,

Chief Judge Vance appointed Angeion Group as Claims Administrator and Notice Agent to manage, account for and disburse funds from the settlement funds and to implement the notice plan. The court appointed First NBC Bank as the Escrow Agent responsible for accepting deposit of, safeguarding and disbursing the settlement funds consistent with the Settlement Agreements and further court orders. Record Doc. Nos. 551, 552. The court ordered that "Angeion shall be paid from the settlement funds in escrow, pursuant to further orders of this Court on ex parte motion for payment with itemized invoices and other appropriate documentation attached." Record Doc. No. 552 at pp. 3-4.

The Indirect Purchaser Plaintiffs filed an unopposed motion for approval of Angeion's projected notice administration expenses totaling $144,144.00, and attached an unverified proposal from Angeion dated January 22, 2015, to support the projected expenses. Indirect Purchaser Plaintiffs' Exh. A, Record Doc. No. 567-1. I have reviewed the proposed notice administration expenses and find that they are reasonable, within the scope of Chief Judge Vance's orders and necessarily incurred to handle the expected volume of notifying more than 215,000 class members.

## **RECOMMENDATION**

For the foregoing reasons, IT IS RECOMMENDED that the Ex Parte Motion of Special Master, Richard C. Stanley, for Payment of Fees and Expenses Incurred by the Special Master, Record Doc. No. 490, should be GRANTED, that the Special Master should be paid the adjusted amount of $6,890.65 for the invoice from August 2014 to

September 30, 2014, and that First NBC Bank should be authorized to disburse that amount to Stanley from the Hayward settlement funds held in escrow.

IT IS FURTHER RECOMMENDED that the Ex Parte Motion of the Indirect Purchaser Plaintiffs' Settlement Class Counsel for Approval of Payment of Notice Administration Expenses, Record Doc. No. 567, be GRANTED, that Angeion's projected notice administration expenses of $144,144.00 be approved and that First NBC Bank be authorized to disburse that amount to Angeion from the Hayward and Zodiac settlement funds held in escrow.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v.

<u>United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[3]

New Orleans, Louisiana, this   26th   day of February, 2015.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[3] <u>Douglass</u> referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.