UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: POOL PRODUCTS DISTRIBUTION | * | MDL   Docket No. 2328 |
| MARKET ANTITRUST LITIGATION | * | |
| | * | SECTION R(2) |
| | * | |
| | * | JUDGE VANCE |
| | * | |
| This document relates to: All Cases | * | MAG. JUDGE WILKINSON |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

# FINAL JUDGMENT UNDER RULE 54(b)

Direct Purchaser Plaintiffs ("DPPs") entered into individual settlement agreements with Defendants Hayward Industries, Inc. ("Hayward") and Zodiac Pool Systems, Inc. ("Zodiac") (collectively, "Settlement Agreements") to fully and finally resolve the Settlement Class's claims against them. On May 14, 2015, the Court conducted a fairness hearing, and, on June 2, 2015, entered an Order and Reasons granting final approval of the Settlement Agreements ("Final Approval Order"), Rec. Doc. 653.

**IT IS, THEREFORE, HEREBY ADJUDGED AND DECREED:**

1.   As provided in the Preliminary Approval Orders, dated September 26, 2014 (Hayward) and December 22, 2014 (Zodiac):

   a)   The following Settlement Class is certified, pursuant to Fed. R. Civ. P. 23(a) and (b)(3), for both Settlement Agreements:

> All persons and entities located in the United States that purchased Pool Products in the United States directly from PoolCorp, during the Class Period from November 22, 2007 to November 21, 2011. Excluded from the Settlement Class are Defendants and their subsidiaries, parents, or

1

affiliates, whether or not named as a Defendant in the Second Consolidated Amended Class Action Complaint, and government entities.

Also excluded from the class are any putative class members who exclude themselves by filing a timely, valid request for exclusion.

  b)  The firms of Herman, Herman & Katz, LLC; Bernstein Liebhard LLP; Kaplan Fox & Kilsheimer LLP; and Labaton Sucharow LLP are appointed as Settlement Class Counsel for the purposes of Rule 23 of the Federal Rules of Civil Procedure; and

  c)  The seven named Class Settlement Representatives are appointed: Aqua Clear Pools & Decks; A Plus Pools Corp.; Liquid Art Enterprises d/b/a Carl Boucher; Oasis Pool Service, Inc.; Pro Pool Services; SPS Services, LLC d/b/a Premier Pools & Spas; and Thatcher Pools, Inc.

  2.  The Settlement Agreements are approved as being fair, reasonable, and adequate as to the Class Members within the meaning of Rule 23 of the Federal Rules of Civil Procedure, and the Parties are directed to consummate them according to their terms.

  3.  The Class Notice constituted, under the circumstances, the most effective and best practicable notice of the Settlement and of the Fairness Hearing, and constituted due and sufficient notice for all purposes to all Persons entitled to receive notice.

  4.  The persons and entities identified in Exhibit A ("Opt-Outs"), which is attached and incorporated by reference, have timely and validly requested exclusion from the Settlement Class and are hereby excluded from the Settlement Class, are not bound by this Final Judgment, and may not make any claim or receive any benefit from the settlement, whether monetary or otherwise. The Opt-Outs may not pursue any claims released under the Settlement Agreements

on behalf of those who are bound by this Final Judgment. Each Settlement Class member not appearing in Exhibit A is bound by this Final Judgment and will remain forever bound.

5.	*In re Pool Products Distribution Market Antitrust Litigation*, 2:12-md-02328 (SSV)(JCW) (E.D. La.), and all actions by direct purchasers of Pool Products from Defendant PoolCorp filed in or transferred to the United States District Court for the Eastern District of Louisiana for consolidation and/or coordination with this multidistrict litigation (collectively, the "Action") are dismissed, with prejudice and in their entirety, on the merits, and except as provided for in the Settlement Agreements, without costs, as to Defendants Hayward and Zodiac and any other party released under the Settlement Agreements. This dismissal shall not affect, in any way, DPPs' right to pursue claims, if any, outside the scope of the releases set out in the Settlement Agreements, including all claims asserted against the other Defendants in the Action ("Non-Settling Defendants").

6.	Releasees, as defined in paragraph 18 of each Settlement Agreement, shall be completely released, acquitted, and forever discharged from any and all claims, demands, actions, suits, proceedings, causes of action, damages, liabilities, costs, expenses, penalties and attorneys' fees, of any nature whatsoever, whether class, individual, or otherwise in nature, whether directly, representatively, derivatively or in any other capacity, that Releasors, as defined in paragraph 19 of each Settlement Agreement, or each of them, ever had, now has, or hereafter can, shall, or may have on account of, related to, or in any way arising out of, any and all known and unknown, foreseen and unforeseen, suspected or unsuspected injuries, damages, and the consequences thereof in any way arising out of or relating in any way to the Action, which were asserted or that could have been asserted (the "Released Claims"). Releasors shall

not, after the Execution Date of these Settlement Agreements, seek to establish liability against any Releasees based, in whole or in part, upon any of the Released Claims. The Parties contemplate and agree that these Settlement Agreements may be pleaded as a bar to a lawsuit or other proceeding, and an injunction may be obtained to enjoin any action or proceeding from being initiated or maintained, by any Releasor relating to any of the Released Claims and Hayward and/or Zodiac shall be entitled to an award of reasonable attorneys' fees incurred with respect to any lawsuit or proceeding. However, Released Claims do not include claims relating to payment disputes, physical harm, defective product, or bodily injury, or claims based upon purchases of Pool Products outside of the United States, and do not include any claims against any Non-Settling Defendant.

7. Each of the DPPs, members of the Settlement Class, and their attorneys shall be completely released, acquitted, and forever discharged from any and all claims, proceedings, or causes of action by Hayward or Zodiac and their respective attorneys, or each of them, arising out of the commencement or prosecution of the Action (the "Releasee-Released Claims"). The Parties contemplate and agree that these Settlement Agreements may be pleaded as a bar to a lawsuit, and an injunction may be obtained to enjoin any action or proceeding from being initiated or maintained, by Hayward or Zodiac or their respective attorneys based upon any of the Releasee-Released Claims. However, Releasee-Released Claims do not include any claims against any Non-Settling Defendant.

8. This Final Judgment does not settle or compromise any claims by DPPs or the Settlement Class against any persons or entities other than the Releasees, and all rights against the Non-Settling Defendants or other person or entity are specifically reserved.

9. The Court's certification of the Settlement Class is without prejudice to, or waiver of the rights of any Non-Settling Defendant to contest class certification.

10. Without affecting the finality of this Final Judgment, the Court retains exclusive jurisdiction over this Action and the Settlement Agreements, including the administration, interpretation, consummation, and enforcement of the Settlement Agreements.

11. Pursuant to Fed. R. Civ. P. 54(b), the Court finds that there is no just reason for delay and hereby directs the entry of this final judgment of dismissal forthwith as to only Hayward and Zodiac.

New Orleans, Louisiana, this 2nd day of July, 2015.

*Sarah Vance*
HON. SARAH S. VANCE
UNITED STATES DISTRICT JUDGE